**Martin Alfredo Tenorio SEGOVIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71365.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Martin Alfredo Tenorio Segovia, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Lata v. INS,* 204 F.3d 1241, 1244–45 (9th Cir.2000). We deny the petition.

Substantial evidence supports the IJ's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution. Any mistreatment that petitioner received from his classmates at school who harassed him in a 'joking way' and pressured him to join the Shining Path did not rise to the level of past persecution or establish a well-founded fear of future persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that guerrilla group's attempt to recruit alien did not establish persecution based on political opinion); *Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003) (holding that alien was teased, bothered, and harassed based on her religious beliefs, but that it did not rise to the level of persecution, and that fear of future persecution was too speculative).

Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, petitioner does not make out a CAT claim because he failed to demonstrate it was more likely than not that he would be tortured if he returned to Peru.

*See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**